JUSTICE HUNT
concurring in part and dissenting in part.
¶28 I concur with that part of the majority opinion which affirms the District Court’s decision to deny the preliminary injunction prohibiting the Higbees from disconnecting and removing AMC’s gaming machines and to deny the preliminary injunction restraining the Higbees from purchasing their own gaming machines.
¶29 I dissent from that part of the majority opinion which holds that the District Court did not abuse its discretion by dissolving its preliminary injunction requiring the Higbees to deposit 40 percent of their machine receipts into a trust account pending the outcome of this litigation.
¶30 I agree with the majority opinion that an injunction preventing the Higbees from removing AMC’s gaming machines was not appropriate because monetary damages will afford full relief; it is not difficult to ascertain the amount of monetary damages necessary to afford AMC adequate relief; and Higbees’ act of ceasing to use AMC’s machines will not render any judgment for AMC ineffectual, because it appears that monetary damages will be sufficient to compensate AMC for any damages. This entire holding presumes that monetary damages will be available should AMC prevail.
¶31 However, the danger in this case is that monetary damages will not be available. As the majority opinion points out, the Higbees *286 themselves “claim they are financially unable to make payments to a trust account in the amounts required by their agreement with AMC.” According to the terms of the statute, a preliminary injunction may be granted:
(2) when it appears that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant;
(3) when it appears during the litigation that the adverse party is doing or threatens or is about to do or is procuring or suffering to be done some act in violation of the applicant’s rights, respecting the subject of the action, and tending to render the judgment ineffectual[.]
Section 27-19-201, MCA. In this case, it appears that due to the Higbees’ potential inability to pay, a money judgment may be ineffectual and irreparably injure AMC. If a preliminary injunction is not entered requiring the Higbees to utilize AMC’s gaming machines, then the Higbees should be required to place 40 percent of all gaming machine profits into a trust account pending the outcome of this litigation, in order to afford some protection to AMC.
¶32 For this reason, I would reverse the District Court order dissolving its preliminary injunction requiring the Higbees to deposit 40 percent of their machine receipts into a trust account pending the outcome of this litigation.